```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Jacob A. Perry

    v.                                                         Civil No. 13-cv-229-JL
                                                                   Opinion No. 2014 DNH 198

Carolyn Colvin, Acting Commissioner,
Social Security Administration

## **ORDER ON APPEAL**

Jacob Perry appeals the Social Security Administration's ("SSA") denial of his application for supplemental security income. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments of autism, depression, and anxiety, Perry retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. § 416.905(a). The Appeals Council later denied Perry's request for review of the ALJ's decision, see id. § 416.1467, with the result that it became the SSA's final decision on Perry's application, see id. § 416.1481. Perry appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Perry (who was not represented by counsel before the ALJ, but is now) has filed a motion to reverse the decision. See L.R. 9.1(b)(1). He contends that the ALJ (1) lacked substantial evidence to support his conclusion as to Perry's RFC; (2) erred in his assessment of Perry's credibility; and (3) did not fulfill

his duty to develop the administrative record.  The Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision.  See L.R. 9.1(d).  As explained below, the court agrees with the Commissioner that the ALJ committed no reversible error, and accordingly grants her motion to affirm (and denies Perry's motion to reverse) the ALJ's decision.

While Perry's division of the issues on appeal into the three separate categories just identified may seem to invite a structured analysis of those issues, his memorandum does not lend itself to a structured approach.  The memorandum simply relates what Perry believes are weaknesses in the ALJ's decision in a stream-of-consciousness fashion, without weaving those threads of alleged error into a cohesive argument.  That alone complicates the court's review of the issues Perry raises on appeal, but the court's ability to address those issues is further hindered by the memorandum's heavy reliance on materials that were submitted to the Appeals Council, but were not before the ALJ.  "The ALJ's determination is reviewed based on the evidence of record at the time of his decision, so this court cannot consider additional evidence submitted only to the Appeals Council." Costa v. Astrue, No. 09-cv-441, 2010 WL 4365868, at *1 (D.N.H. Nov. 3, 2010) (citing Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001)).  So, to the extent that Perry's arguments on appeal rely on the

proposition that the ALJ's decision is inconsistent with that evidence, or that the ALJ would have had a different opinion as to Perry's disability if that evidence had been before him, that alone cannot be grounds for remand.[1]

The absence of that evidence from the record before the ALJ may nonetheless entitle Perry to relief if, as he argues, the ALJ failed to fulfill his duty to develop the record. As this court has previously noted, "[b]ecause Social Security proceedings are not adversarial in nature, [an ALJ] has a duty to develop an adequate record from which a reasonable conclusion can be drawn," a duty that is heightened where, as here, the claimant is not represented by counsel. Gaudreault v. Astrue, 2012 DNH 108, 13 (quoting Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991)). Perry identifies a number of items he believes the ALJ should have obtained before rendering a decision--including his college transcripts, the reason for his dismissal from his job, the "true nature" of his activities of daily living, and two

---

[1] Perry has not argued that the Appeals Council erroneously denied his request for review of the ALJ's decision, despite its receipt of the additional evidence. Cf. Mills, 244 F.3d at 5-6 (if Appeals Council "gives an egregiously mistaken ground" for refusal to review ALJ's decision--e.g., by rejecting new evidence as immaterial when the evidence is, in fact, material--court may remand for further proceedings). The court therefore does not address that issue here.

medical reports--all of which he later submitted to the Appeals Council.

With a single exception, the ALJ had no obligation to obtain any of these items of evidence prior to rendering his decision. "The ALJ's duty to develop the record is only triggered . . . once [the ALJ is] alerted by the record to the presence of an issue." Gillis v. Astrue, 2009 DNH 051, 15 (quoting Santiago v. Sec'y of HHS, 944 F.2d 1, 6 (1st Cir. 1991)) (emphasis and internal quotation marks omitted). Perry himself identifies nothing in the record that could have alerted the ALJ of the need to obtain the omitted evidence. This court's independent review of the record reveals that, of the various pieces of evidence Perry claims were essential, there is only one the ALJ should have taken steps to obtain. Specifically, the record before the ALJ contained just the first page of Dr. William Jamieson's report on his neuropsychological examination of Perry, and it is apparent from that page that additional pages followed. Despite this obvious omission from the record, the ALJ did not attempt to obtain the remainder of Jamieson's report; his failure to do so was error. Cf. Gaudreault, 2012 DNH 108, at 14-15 (ALJ erred in failing to obtain obviously absent medical records).[2]

---

[2] A brief word on the other records Perry says the ALJ should have obtained is warranted.

This was not, however, reversible error. Remand for the ALJ's failure to develop the record is only appropriate if the plaintiff's claim is prejudiced as a result. Id. at 14; cf. Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) ("While an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise."). As the Commissioner points out, the full version of Jamieson's report does not undermine the ALJ's decision in any

---

First, Perry and his grandmother both testified at the administrative hearing before the ALJ, and covered such topics as Perry's performance in college, the reason he was dismissed from his previous job, and his activities of daily living. Any duty the ALJ had to explore these issues was satisfied by his inquiry into them at the hearing. Cf. Ormond v. Colvin, 2013 DNH 146, 11 (ALJ satisfied duty to inquire as to claimant's termination by asking about it at the hearing). While Perry now asserts that his testimony at the hearing was, in some respects, incorrect or misleading, he has cited, and the court has found, no authority for the proposition that the duty to develop the record obliges an ALJ to probe the truthfulness of a claimant's testimony by obtaining records or oral accounts from third parties. (Nor has Perry attempted to reconcile his view that the ALJ should not have believed the testimony he gave about his previous job and activities of daily living with this view that the ALJ should have believed his testimony about the limiting effects of his impairments.)

Second, as to the other medical record Perry says the ALJ should have obtained--an opinion from his therapist, Dr. Sarah Hall--there is simply nothing in the record that could have put the ALJ on notice that such an opinion was needed. The SSA had requested and obtained Hall's notes, and was also in possession of a mental health evaluation report prepared by another doctor in Hall's practice, Dr. Juliana Read. There was no reason for the ALJ to believe that a further opinion from Hall would add anything meaningful to the record.

way.  Indeed, the report is entirely consistent with the ALJ's decision.  The report, which diagnosed Perry with mild Asperger's disorder and mild depression–-the same impairments recognized by the ALJ–-opined that these impairments caused Perry "difficulties in applying his understanding [of societal norms and mores] to practical everyday situations," as well as discomfort in social interactions.  Jamieson recommended that Perry avoid "conditions of increased stress," which could be triggered by "increased demands in terms of social interactions," as stress could cause Perry to experience depression and anxiety.  The ALJ recognized both Perry's "moderate difficulties" in "social functioning" and his "stress-related symptoms of anxiety and depression" in the written decision, and tailored Perry's RFC accordingly.  Access to the full version of Jamieson's report, then, could not have altered the ALJ's analysis in any way.

Stripped of its reliance on the report and other materials not presented to the ALJ, Perry's memorandum essentially takes issue with the way the ALJ reconciled the record evidence as to his abilities and activities.  Weighing and drawing conclusions from the evidence, however, is the ALJ's prerogative, see Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001), and, although Perry accuses the ALJ of "ignoring" certain evidence, the court sees no indication of that.  While the ALJ did not discuss every piece of

6

evidence submitted to him in his written decision, that is not required.  Lord v. Apfel, 114 F. Supp. 2d 3, 13 (D.N.H. 2000). Similarly, although Perry contends that the ALJ's analysis of his credibility failed to comply with Social Security Ruling ("SSR") 96-7p, Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (S.S.A. 1996), as explained and applied by the opinion in Guziewicz v. Astrue, 2011 DNH 010 (McAuliffe, J.), this court's review of the ALJ's written decision reveals that the ALJ, in accord with both SSR 96-7p and Guziewicz, properly determined that Perry's allegations of disabling symptoms found no support in either the objective medical evidence or the other evidence of record.  Though the ALJ did not explicitly address the seven factors identified in SSR 96-7p as bearing on a claimant's credibility, that, again, is not strictly required, so long as the written decision contains specific, clear reasons for the ALJ's credibility determination that are supported by record evidence.  Phelps v. Astrue, 2011 DNH 107, 17-20.  It does.

    That leaves a final contention for the court to address. Perry claims that his decision to proceed without counsel before the ALJ was compromised because the ALJ, despite informing Perry that he had the right to be represented by an attorney, "did not explain the manner in which an attorney could aid [him] in the

7

proceedings" or raise "the possibility of a contingency fee arrangement with an attorney and the required court approval of the fees." The court is not persuaded. While some courts of appeals require ALJs to provide this type of information to pro se claimants, see, e.g., Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994), our own Court of Appeals has never done so. And, in any event, the SSA sent Perry detailed information regarding his right to representation on at least two occasions prior to the hearing. See Admin. R. at 61-77. Those mailings informed Perry of the ways in which an attorney could assist him and the types of fee arrangements available, and also provided him with a list of legal aid organizations and referral services that could help him find counsel. Combined with the ALJ's confirmation at the hearing that Perry wished to proceed without counsel, this was sufficient to fulfill any obligation the SSA had to inform Perry of his right to an attorney. See Ratulowski v. Astrue, 380 Fed. Appx. 552, 554 (7th Cir. 2010); Johnson v. Comm'r of Soc. Sec., 97 Fed. Appx. 539, 542 (6th Cir. 2004); Norden v. Barnhart, 77 Fed. Appx. 221, 223 (5th Cir. 2003).

Based on the foregoing, Perry's motion to reverse the Commissioner's decision[3] is DENIED, and the Commissioner's motion to affirm that decision[4] is GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 23, 2014

cc: Elizabeth R. Jones, Esq.
 T. David Plourde, Esq.

---

[3]Document no. 9.

[4]Document no. 12.